## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:
**SUSAN LYNETTE COLE**

                      Debtor(s),

v.

**MOHELA (MISSOURI HIGHER
EDUCATION LOAN AUTHORITY)**
633 Spirit Drive
Chesterfield, MO 63005-1243
                    Respondent

Chapter 7 Case No.:  10-61136-abf-7

Adversary Case No. _____

## DEBTOR'S COMPLAINT
## TO DETERMINE DISCHARGEABILITY OF STUDENT LOAN DEBT

     **COMES NOW,** the Debtor, by and through attorney Donald M. Brown, of the Law Firm of Douglas, Haun & Heidemann, P.C., and for her complaint, states and aver as follows:

1.     Debtor filed for Chapter 7 bankruptcy relief on May 13, 2010.

2.     Debtor received her general Order of Discharge on or around September 1, 2010.

3.     This is an adversary proceeding to determine the dischargeability of the Debtor's student loan debt with Respondent pursuant to § 523(a)(8) of the Bankruptcy Code.

4.     The Court has jurisdiction over the subject matter of this complaint under 28 U.S.C. § 1334.

5.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

6.     Venue is proper in this Court under 28 U.S.C. § 1409.

7.     Respondent MOHELA is an entity existing under the laws of the State of Missouri, and may be served through an officer or other appropriate representative at 633 Spirit Drive, Chesterfield, MO 63005-1243.

8.     Debtor first began attending college around the fall of 1982; and Debtor had been attempting to complete her education off and on to the best of her ability all the way up to the year 2006.

9.      Debtor entered college to study in the field of psychology.

10.     As of the date of this complaint, the Debtor has not been able to complete her education despite her best efforts to do so, in that:

   a.  Debtor's mother became mentally ill and required constant care prior to her death, which the Debtor provided while working full time; and

   b.  Debtor has had two children as a single mother and has had to raise her children while working full time; and

   c.  Debtor's necessary full-time employment for the care of herself and her dependents has made it difficult, if not impossible, to complete her education while at the same time raising her children.

11.     The Respondent is currently the owner of the Debtor's various student loan debts (currently collectively identified by the Respondent through account number 2461442044).

12.     The Debtor in good faith believes that the total amount owed to the Respondent for her various student loans taken out over the years prior to her Chapter 7 bankruptcy would be approximately $72,235.90.

13.     The Debtor is now approximately 46 years old; and her children are still living at her home under her care; and the probability of completing her education and gaining meaningful employment in her field of study is not practical at this time nor will it be in the foreseeable future.

14.     The Debtor has held her current job as a pharmacy tech with the Walgreens Pharmacy for approximately the past 14 years.

15.     At the present time, and with the present economy, the Debtor in good faith believes that her current employment is the best job she could hope to get with her current level of education, and given the geographic region in which she lives coupled with the current economic climate.

16.     The Debtor currently grosses approximately $2,383.33 per month from her employment, with her net income after paycheck deductions equaling approximately $1,609.83.

17.     The Debtor currently receives approximately $400.00 per month for child support for her children.

18.     The Debtor's current average monthly expenses equal approximately $1,975.00.

19.     The Debtor's expenses are modest and commensurate with the Debtor's resources.

20.     The Debtor will, in the future, lose her added income of $400.00 per month from child support.

21.     The Debtor has made attempts to repay her student loan debt and has made payments on her debt, but has been unable to keep up with payments.

22.     Under the Debtor's circumstances prior to, during, and following her bankruptcy, she cannot afford to make any payments on her student loans and still maintain a minimal standard of living for herself and her family.

**WHEREFORE,** Debtor respectfully prays for judgment in her favor and against Respondent, MOHELA; and more specifically, Debtor prays judgment from this Court declaring: (a) that excepting Debtor's student loans from discharge under § 523(a)(8) would impose an undue hardship upon Debtor and her family; (b) that Debtor is entitled to have the MOHELA student loans identified above discharged; and (c) that the Court's prior Order of Discharge in case no. 10-61136-abf7 is sufficient to act as a discharge to the student loan debt now owned by MOHELA as identified in Debtor's Complaint.  The Debtor further prays for any other relief deemed appropriate by the Court under the circumstances.

**Respectfully Submitted,**

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P. O. Box 117
Bolivar, Missouri 65613-0117
Telephone:  (417) 326-5261
Fax:  (417) 326-2845
Email:  dbrown@bolivarlaw.com

By   /s/ Donald M. Brown
     **Donald M. Brown**
     Missouri Bar No. 57652

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of Debtor's Complaint to Determine Dischargeability of Student Loan Debt was sent by First Class, postage prepaid US Mail on October 20, 2010 to:

MOHELA (MISSOURI HIGHER EDUCATION LOAN AUTHORITY)
633 Spirit Drive
Chesterfield, MO 63005-1243

By   /s/ Donald M. Brown
     **Donald M. Brown**
     Missouri Bar No. 57652